UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                                     13-CR-228-A

JOSE L. RAMIREZ-MERCED,

                                Defendant.
_____

Before the Court is Defendant Jose L. Ramirez-Merced's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2). (Dkt. No. 73). Specifically, Ramirez-Merced seeks a sentencing reduction based upon Guidelines Amendment 821, enacted November 1, 2023, which amended, as applicable here, Guideline §4A1.1(e) to eliminate the award of any "status points" under that Guideline where a defendant receives less than 7 criminal history points under subsection (a) through (d). The Government opposed (Dkt. No. 79), and Ramirez-Merced replied (Dkt. No. 82). For the reasons set forth below, the motion is **GRANTED**.

    **I.**    <u>**BACKGROUND**</u>

On November 19, 2015, Ramirez-Merced pled guilty to Count 1 of a Superseding Information, which charged him with a violation of Title 18, United States Code, Section 924(j)(1) and (2) (discharge of a firearm in furtherance of drug trafficking causing the death of another), for which the maximum possible sentence was a term of imprisonment of life. (Dkt. No. 43, ¶1). In the parties' plea agreement,

Ramirez-Merced admitted that on July 31, 2012, he, and his co-defendant (and drug-dealing associate), Alexander Duarte, shot and killed Jose Rivera (and injured a female) after Ramirez-Merced and Duarte observed Rivera while riding their bikes in the vicinity of 659 West Avenue.  Such shooting was in retaliation for an incident a couple of weeks earlier in which Jose Rivera, shot and wounded a drug trafficking associate of both Ramirez-Merced and Duarte, whom Rivera believed had attempted to rob him of drugs and money. (Dkt. No. 43, ¶4b).  The parties further agreed to the application of Guidelines § 2A1.1(a) (First Degree Murder), such that following a reduction for acceptance of responsibility, Ramirez-Merced, with a total offense level (TOL) of 40 and a Criminal History Category (CHC) III, was facing a sentencing range of imprisonment of 360 months to life. (Dkt. No. 43, ¶9; see also, Dkt. No. 72, ¶58 [PSR]).

Prior to Ramirez-Merced's sentencing, the Government, on October 17, 2016, filed a motion seeking a 4-level downward departure pursuant to Guidelines Section 5K1.1. (Dkt. No. 59).  In it, the Government requested that Ramirez-Merced's TOL be reduced 4-levels to a level 36, such that he, with a CHC of III, would face a sentencing range of imprisonment of 235 to 293 months. (Dkt. No. 59, p. 3).  On November 7, 2016, this Court after granting the 4-level downward departure requested by the Government imposed a sentence of 240 months imprisonment. (Dkt. No. 64, p.2).

According to the Abbreviated Supplemental PSR, as of February 1, 2024, Ramirez-Merced had served approximately 125 months and 11 days of his sentence. (Dkt. No. 75, ¶7). The Abbreviated Supplemental PSR also states that Ramirez-

2

Merced has earned 431 days of good time credit. (Dkt. No. 76, ¶7). Ramirez-Merced's projected release date (without regard to the instant motion for a sentence reduction) is February 16, 2031. (Dkt. No. 76, ¶8).

## II.     ANALYSIS

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010). Assuming that the resultant range is lower than that applicable at the time of Ramirez-Merced's original sentencing, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10. *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020)(citation omitted).

Here, the Government agrees with Ramirez-Merced's contention that the status-points amendment portion of Amendment 821 applies and that application of such amendment results in a reduction of Ramirez-Merced's CHC from Category III to II. (Dkt. No. 79, p.3).  As a result, the government agrees that Ramirez-Merced's post-5K, Guidelines range of imprisonment has been reduced from 235 to 293 months to 210 to 262 months. (Dkt. No. 75, p.1; Dkt. No. 79, p. 3).

Based upon the foregoing, Amendment 821 may appropriately be construed as lowering Ramirez-Merced's applicable Guidelines range such that he is otherwise eligible for a sentencing reduction, *see*, U.S.S.G. § 1B1.10(a)(2)(B) (sentence reduction not authorized where "[a]n amendment…does not have the effect of lowering the defendant's applicable guideline range"); *see*, *Dillon v. United States*, 560 U.S. at 827.

Having established Ramirez-Merced's eligibility for a sentencing reduction, this Court must determine, under step two of the *Dillon* inquiry, *see, Dillon v. United States*, 560 U.S. at 827, whether, upon consideration of the factors set forth in 18 U.S.C § 3553(a) and all the circumstances presented, this Court should exercise its discretion further to reduce Ramirez-Merced's sentence. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010)("[i]f, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'").

Based upon this Court's consideration of the § 3553(a) factors, this Court determines that Ramirez-Merced is entitled to a modest further reduction of his sentence to a term of imprisonment of 228 months.

In opposing any reduction in Ramirez-Merced's sentence, the government cites the violent nature of the offense of conviction, Ramirez-Merced's criminal history, and

4

the fact that he has had a number of disciplinary incidents during the 10-plus years he has been in custody.  *See*, Doc. No. 179.  As to the violent nature of the offense and his criminal history, this Court notes that both of those factors remained unchanged from the occasion on which times this Court previously sentenced Ramirez-Merced near the low-end of the applicable range.  In other words, this Court determines that for the same reasons that a sentence near the low-end of the Guideline range was appropriate when Ramirez-Merced was initially sentenced in 2016, a modest sentence reduction toward the lower end of the new Guideline range remains appropriate here.  The Court further notes that while Ramirez-Merced has sustained a number of disciplinary violations during incarceration over the last decade, this Court has also considered the nature of those violations—none of which include violence or fighting—the fact that he is not considered a safety risk, and the fact that he over a year of good time credit, and the fact that he has taken advantage of extensive programming and been employed during the period.  In sum, the Court concludes that consideration of the Section 3553(a) factors warrants granting the relatively modest reduction of his sentence from 240 months imprisonment to 228 months imprisonment.

### III.  CONCLUSION

For these reasons, Defendant Jose L. Ramirez-Merced's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2) (Dkt. No. 73) is **GRANTED**, and his term of imprisonment is reduced from 240 months to 228 months.  All other terms and conditions of the sentence previously imposed remain unchanged.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated:  April 30, 2024
         Buffalo, New York.